IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kenneth R. Price,<br><br>   Plaintiff,<br><br>v.<br><br>Major Vaughn Jackson, in his individual and official capacities,<br><br>   Defendant. | Case No.: 1:20-cv-02141-SAL<br><br><br>**OPINION AND ORDER** |

  This matter is before the Court for review of the April 20, 2021 Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 34]. In the Report, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted. *Id.* Plaintiff filed timely objections to the Report, ECF Nos. 36, 37. Defendant did not reply to Plaintiff's objections, and the time to do so has passed. *Id.* For the reasons outlined herein, the Court adopts the Report in its entirety.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is

1

not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities.  *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).  A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff's objections are generally stated, nonspecific, and conclusory.  A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Here, Plaintiff's

objections fail to direct the court to any specific portion of the Magistrate's proposed findings and recommendations. Instead, the objections reassert arguments from the pleadings, generally denounce the legal process, and refer to Plaintiff's still-pending aggravated assault charge in state court. *See* [ECF Nos. 36, 37]. Accordingly, the objections are generally stated, nonspecific, and have the same effect as would a failure to object.

Having found that Plaintiff fails to articulate a specific written objection, the Court reviews the entire Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and hereby incorporates the Report by reference.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, Defendant's motion for summary judgment, ECF No. 25, is GRANTED.

IT IS SO ORDERED.

June 2, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge